UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

Brandon Price,
    Plaintiff, Pro Se

Civil Action No. 2:25-cv-648

v.

The Associated Press,
    Defendant.

RECEIVED

MAY 12 2025

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

COMPLAINT FOR DEFAMATION

I. INTRODUCTION

1. This is an action for defamation per se under Pennsylvania law (42 Pa.C.S. § 8343(a)(2); Restatement (Second) of Torts § 558), seeking $300 million in compensatory and punitive damages for a false, malicious statement republished globally. On October 22, 2013, Defendant AP published that "Plaintiff has been sentenced to eight months in federal prison," when in fact Plaintiff's October 22, 2013 sentence was to a community halfway house (Exhibit A).

2. In that same article, AP admits a judge "recommended" a halfway-house placement, yet leads with the prison claim—an unmistakable internal contradiction showing AP knew the statement was false or acted with reckless disregard (Exhibit C).

3. AP's wire story was syndicated to FoxNews.com, Yahoo News, Blazer's Edge, KATU2, and News.com.au (Australia), amplifying the falsehood worldwide and causing reputational harm (Exhibit E).

4. Plaintiff first discovered the defamation March 12, 2025, after overhearing comments at a VA clinic prompting a targeted internet search—ordinary name searches of plaintiff's first and last name produced no results (Exhibit D). Under Pennsylvania's discovery rule (42 Pa.C.S. § 5524(7); Fine v. Checcio, 870 A.2d 850 (Pa. 2005); Meehan v. Archdiocese of Philadelphia, 870 A.2d 912 (Pa. Super. 2005)), the one-year statute of limitations did not begin until discovery.

5. As a direct result of AP's malicious publication, Plaintiff suffered severe emotional distress, suicidal ideation, and a bridge incident, requiring crisis intervention and medical treatment (Exhibits B).

## II. JURISDICTION AND VENUE

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000, Plaintiff is a Pennsylvania resident, and Defendant is a New York nonprofit with its principal place of business in New York, NY.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred here.

## III. PARTIES

8. Plaintiff Brandon Price is an individual and resident of Allegheny County, Pennsylvania, proceeding pro se.

9. Defendant The Associated Press is a nonprofit news cooperative headquartered at 200 Liberty Street, New York, NY 10281, with global wire distribution.

## IV. FACTUAL ALLEGATIONS

A. False and Contradictory Publication

10. On October 22, 2013, Defendant published: "Plaintiff has been sentenced to eight months in federal prison" (Exhibit C).

11. Later in the same article, AP states: "A judge agreed to recommend that Plaintiff serve his term in a halfway house, but federal prison officials are not bound by that suggestion" (Exhibit C).

12. The difference between a **community halfway house** (a residential reentry program with rehabilitative services) and **federal prison** (secure incarceration) is substantive—not a mere editorial error.

13. AP made no effort to verify the public sentencing record despite access to courtroom details (Exhibit A), demonstrating reckless disregard or knowing falsity—satisfying the "actual malice" standard (New York Times Co. v. Sullivan, 376 U.S. 254, 279–80 (1964)).

B. Global Republication and Harm

14. AP's wire story was republished by multiple outlets in the U.S. and Australia (Exhibit E), multiplying the reputational damage.

15. Each republication is a separate actionable "publication" under Restatement (Second) of Torts §577, and AP is liable for foreseeable harms under §576.

C. Emotional Distress and Treatment

16. After learning of the false prison claim, Plaintiff experienced intense emotional distress, including suicidal ideation and a bridge incident (Exhibit B).

17. Plaintiff sought and received crisis intervention from VA and Resolve Crisis Center (Exhibits B), demonstrating severe mental health impacts directly caused by AP's defamation.

D. Tolling Under the Discovery Rule

18. No reasonable person would search for a non-existent eight-month prison sentence that never happened. Plaintiff had limited internet access and lived alone, first discovering the lie March 12, 2025 (Exhibit D).

19. Under Pennsylvania law, the discovery rule tolls the one-year limitations period until actual discovery (42 Pa.C.S. §5524(7); Fine v. Checcio; Meehan v. Archdiocese).

E. Conviction and Irrelevance to Reputation

20. Plaintiff does not dispute his October 22, 2013 conviction, but the court imposed probation and recommended service in a community halfway house—not federal prison (Exhibit A).

21. The false assertion that Plaintiff served eight months in federal prison is materially distinct and more stigmatizing than his true sentence, and cannot be justified by reference to the underlying conviction.

22. Any attempt by AP to argue Plaintiff's reputation was already impaired by his conviction is irrelevant and prejudicial under Fed. R. Evid. 403 & 404(a)(1).

23. Plaintiff's emotional distress was caused by AP's defamation, not by his original conviction

or medical treatment.

## V. CAUSE OF ACTION: DEFAMATION PER SE

24. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

25. AP published a false statement imputing criminal conduct—defamation per se under 42 Pa.C.S. § 8343(a)(2) and Restatement (Second) of Torts § 558.

26. AP acted with at least negligence, and the internal contradiction proves reckless disregard for truth (actual malice), permitting punitive damages (St. Amant v. Thompson, 390 U.S. 727, 731 (1968)).

27. No privilege protects AP: absolute privilege applies only to judicial proceedings; qualified privilege is defeated by actual malice (Restatement (Second) of Torts § 600).

28. Defendant's conduct caused reputational harm and severe emotional distress requiring professional treatment (Exhibits B).

## VI. DAMAGES

29. Plaintiff suffered presumed damages as a result of defamation per se.

30. Plaintiff seeks $240 million in compensatory damages for severe emotional distress (Exhibit B) and global reputational harm (Exhibit E), and $60 million in punitive damages for AP's reckless conduct (Exhibit C), for a total of $300 million.

## VII. RESERVATION OF RIGHTS AND AFFIRMATIVE DEFENSES

31. Plaintiff reserves the right to amend this Complaint and to challenge any defenses not properly pled.

32. Defendant may not rely on any defense not timely raised or supported by admissible evidence.

## VIII. JURY TRIAL DEMAND AND SETTLEMENT

33. Plaintiff demands a trial by jury on all issues triable to a jury under Rule 38, but remains willing to negotiate and settle this matter before setting a trial date.

## IX. CERTIFICATION

I, Brandon Price, certify under penalty of perjury that the foregoing is true and correct to the

best of my knowledge.

Dated: MAY 12, 2025                    Respectfully submitted,

*Brandon Price*
Brandon Price, Pro Se
150 1st street
Pittsburgh PA, 15238
Marsb9105@gmail.com

PHONE: 412-475-9073

5