IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON PRICE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 25-648 |
| | ) |
| v. | ) District Judge Marilyn J. Horan |
| | ) Magistrate Judge Maureen P. Kelly |
| THE ASSOCIATED PRESS, | ) |
| | ) Re: ECF No. 7 |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

For the reasons stated herein, it is respectfully recommended that the Complaint, ECF No. 7, filed by Plaintiff Brandon Price ("Plaintiff"), be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, malicious, and/or for failure to state a claim for which relief can be granted.

**II.  REPORT**

Plaintiff filed the instant cause of action on May 12, 2025, when it was received by the Clerk's Office along with a motion for leave to proceed *in forma pauperis* ("IFP"). Plaintiff was granted leave to proceed IFP on May 30, 2025. ECF No. 6 at 1.

Plaintiff raises state law defamation claims against Defendant The Associated Press, ("Defendant"). ECF No. 7 at 1. The gist of the factual basis for Plaintiff's claims are that Defendant published a story claiming that "'Plaintiff has been sentenced to eight months in federal prison,' when in fact Plaintiff's October 22, 2013 sentence was to a community halfway house." Id. Plaintiff admits that this statement was widely published on various websites, but alleges that he did not actually learn of it until March 12, 2025. Id.

1

Plaintiff alleges that as a direct result of Defendant's publication, he suffered emotional distress, suicidal ideation, and a "bridge incident" requiring crisis intervention and professional treatment. Id. at 3-4. He seeks $300 million in compensatory and punitive damages. Id. at 4.

Plaintiff alleges that this Court has diversity jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a)(1). ECF No. 7 at 2.

A. **Legal Standard**

Title 28 of the United States Code, Section 1915, establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Banks v. Mozingo, No. 1:08cv004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Plaintiff alleges that as a direct result of Defendant's publication, he suffered emotional distress, suicidal ideation, and a "bridge incident" requiring crisis intervention and professional treatment. Id. at 3-4. He seeks $300 million in compensatory and punitive damages. Id. at 4.

Plaintiff alleges that this Court has diversity jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a)(1). ECF No. 7 at 2.

A. **Legal Standard**

Title 28 of the United States Code, Section 1915, establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Banks v. Mozingo, No. 1:08cv004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although courts generally allow pro se plaintiffs leave to amend before dismissing a complaint, such leave may be denied when amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

    **B.**    **Plaintiff's Defamation Claim is Untimely.**

The so-called "Third Circuit rule" allows for the *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of claims that, based on the face of the complaint, are barred by the statute of limitations. Mumma v. High-Spec, Inc., 400 F. App'x 629, 631 (3d Cir. 2010).

The statute of limitations for defamation is one year from the date of publication. 42 Pa. C.S.A. § 5523(1). Pennsylvania applies the "single publication rule," which treats "any one edition of a book or newspaper, or any one radio, television broadcast, exhibition of a motion picture or similar aggregate communication is a single publication." Graham v. Today's Spirit, 468 A.2d 454, 457 (Pa. 1983) (quoting Restatement (Second) of Torts § 577A(3)). It exists "[t]o avoid the potential for endless re-triggering of the statute of limitations." In re Philadelphia Newspapers, LLC, 690 F.3d 161, 174 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit has predicted "that Pennsylvania courts would extend the single publication rule to publicly accessible material on the Internet based on similar reasoning." Id. See also Leisten v. CBS Broad. Inc., No. 22-2551, 2023 WL 6890733, at *2 (3d Cir. Oct. 19, 2023).

Here, Plaintiff alleges that the triggering publication occurred on a website on October 22, 2013. ECF No. 7 at 2. Thus, his defamation claim accrued on that date. The statute of

3

limitations ran one year later – on October 22, 2014. Plaintiff would have had to file any defamation claim by that date. Instead, he filed the instant lawsuit in May of 2025 – more than ten years out of time. Accordingly, his defamation clams are facially untimely.

Seemingly in recognition of this fact, Plaintiff asserts that the statute of limitations should run from the date that he actually discovered the publication of Defendant's statement – March 12, 2015 – pursuant to the so-called "discovery rule." Id. at 3. But this rule applies to "hard-to-discern injuries[,]" and its application has been rejected where, as here, the plaintiff alleged defamation due to publication of a statement on a public website that was received by tens of thousands of readers. Wolk v. Olson, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010). The discovery rule does not save Plaintiff's defamation claim. Accordingly, this claim should be dismissed. Because any leave to amend would be futile, dismissal should be with prejudice. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### C. To the Extent that Plaintiff Asserts an IIED Claim, it is Untimely and Should Be Dismissed.

While not explicitly recited as a cause of action in the Complaint, it appears that Plaintiff may be attempting to state a claim for intentional infliction of emotional distress ("IIED").

Under Pennsylvania law, an IIED claim is subject to a two-year statute of limitations. 42 Pa. C.S.A. § 5524. Accordingly, any IIED claim would be untimely. Moreover, for the reasons stated above, the discovery rule would not toll the statute of limitations.

Furthermore, in order to succeed on a claim for IIED under Pennsylvania law, Plaintiff must show that Defendant, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress. McCluskey v. United States, No. 10-694, 2010 WL 4024717, at *4 (W.D. Pa. Oct. 12, 2010) (quoting Restatement (Second) of Torts § 46); see also Taylor v. Albert

Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). Pennsylvania law defines outrageous conduct as that which is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1123 n.5 (Pa. Super. Ct. 2004) (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)).

Here, Defendant's alleged publication that "Plaintiff has been sentenced to eight months in federal prison,' when in fact Plaintiff's October 22, 2013 sentence was to a community halfway house[,]" ECF No. 7 at 1, simply fails to rise to the level of outrageous conduct necessary to support an IIED claim. Compare Hoy, 720 A.2d at 754 (listing as examples which state a claim for this tort as: "striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical assistance, [burying the] body in a field where [it is] discovered two months later and returned to parents[;]" "fabricat[ing] records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide[;]" and where a "physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false"); cf. Denton v. Silver Stream Nursing and Rehab. Ctr., 739 A.2d 571, 577 (Pa. Super. Ct. 1999) (noting that death threats by a coworker, who was found to be in possession of a firearm at work, stated a claim for intentional infliction of emotional distress).

Thus, to the extent that Plaintiff is attempting to raise a claim of IIED, it should be dismissed. Leave to amend should be denied as futile. Fletcher-Harlee, 482 F.3d at 251.

5

III. **CONCLUSION**

Based on the foregoing considerations, it respectfully is recommended the Complaint, ECF No. 7, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous, malicious, and/or for failure to state a claim for which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: July 10, 2025

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marilyn J. Horan
United States District Judge

Brandon Price
APT. 3
150 1st Street
Pittsburgh, PA 15238