IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 25-648 |
| ) | |
| THE ASSOCIATED PRESS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. The Magistrate Judge conduced a a screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), after which she issued a Report recommending that the Complaint be dismissed for failure to state a claim upon which relief can be granted, ECF No. 13. Specifically, the Magistrate Judge determined that any potential claim is barred by the applicable statute of limitations.

Plaintiff timely filed Objections to the Report and Recommendation. ECF No. 15. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge found that Plaintiff's defamation claim was not filed within Pennsylvania's one-year statute of limitations. 42 Pa. Cons. Stat. § 5523(1). "Under Pennsylvania law, a statute of limitations begins to run at the time the plaintiff's cause of action

accrues." *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 443 (E.D. Pa. 1999) (citing 42 Pa. Cons. Stat. § 5502(a)). Here, the Magistrate Judge determined that the cause of action accrued on October 22, 2013, the date the Defendant published the subject article on the Internet. Thus, a timely action must have been filed by October 22, 2014.

In his Objections, Plaintiff argues that the statute of limitations period is tolled until March 15, 2025 - the date when Plaintiff became aware of the statements. This is not the law in Pennsylvania. The "discovery rule does not apply to toll the statute of limitations for mass-media defamation." *Wolk v. Olson*, 730 F. Supp. 2d 376, 379 (E.D. Pa. 2010). The publication here was widely published on the Internet on October 22, 2013. "[I]t does not matter whether [Plaintiff] became aware of the defamatory writings, so long as a publication has occurred." *Barrett*, 64 F. Supp. 2d at 447.

Plaintiff attempts to distinguish the *Wolk* case by characterizing the statements in that case as having been published in such a way that it was easily found by any internet user. In contrast, Plaintiff argues that the alleged defamatory statements in this case were difficult to find even though the publication was broadly disseminated on the Internet. Plaintiff argues that the publication had inherent search limitations (the failure to index the article under Plaintiff's name) making it difficult to find by searching Plaintiff's name. Plaintiff's distinction, however, is not supported by applicable law, which requires only that the alleged defamatory remarks were in fact published to the public or third parties. *See also Barrett*, 64 F. Supp. 2d at 444 (distinguishing cases where the defamatory statements were communicated privately, with no third-party present or where the defamatory statements were otherwise published in secret, such that plaintiff *could not have been aware* of the publication at the time it was made).

Finally, Plaintiff relies upon the Pennsylvania Supreme Court case of *Fine v. Checcio*, for the proposition that "the discovery rule applies to toll statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at time his right to institute suit arise." 582 Pa. 253, 870 A.2d 850 (2005). The *Fine* case addressed tort actions brought against dentists for various dental work performed on plaintiffs; the case did not address defamation actions; and thus, its reference to the discovery rule is inapplicable.

The Court agrees with the Magistrate Judge that Plaintiff's defamation claim is time-barred by the applicable statute of limitations. The Court further agrees with the Magistrate Judge that the discovery rule does not apply to Plaintiff's defamation claim. Thus, the Court agrees with the Magistrate Judge's recommendation and will overrule Plaintiff's Objections.

After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered.

AND NOW, this 21st day of November 2025, it is ORDERED that the Report and Recommendation, ECF No. 13, filed on July 17, 2025, by Magistrate Judge Kelly, is adopted as the Opinion of the Court.

The Complaint in this matter is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted. Leave to amend is not permitted as any amendment would be futile.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Brandon Price
APT. 3
150 1st Street
Blawnox, PA 15238